# United States Court of Appeals for the Fifth Circuit

No. 20-50234

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2021

Lyle W. Cayce
Clerk

MERLON HINES,

*Plaintiff—Appellant*,

*versus*

W. WISSER, *Judge*; LORIE DAVIS; STEPHANIE MCFARLAND,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-53

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Merlon Hines, Texas prisoner # 1389311, moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. The district court determined that Hines's claims were barred by judicial and prosecutorial immunity and by *Heck v. Humphrey*, 512 U.S. 477 (1994). For these same reasons, the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50234

district court denied Hines permission to proceed IFP on appeal and certified that the appeal was not taken in good faith.

By moving to proceed IFP, Hines is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Hines fails to challenge the district court's reasons for dismissing his claims and certifying that the appeal was not taken in good faith. Because he fails to adequately brief any relevant issues, they are abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of Hines's complaint by the district court as frivolous and the dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017). Hines is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).